OPINION OF THE COURT
Bertram R. Gelfand, J.
In these two proceedings, the mother of the infants has instituted proceedings against her former husband seeking an accounting of funds administered by the respondent as the custodian of bank accounts in the names of their two children, his removal as such custodian, and the appointment of petitioner as successor custodian. The daughter of the parties attained the age of 18 years during the course of the litigation and she became the sole petitioner with respect to the proceeding involving the custodianship accounts for her benefit. She now seeks the delivery to herself of the funds held in those accounts.
To the extent that the application seeks delivery at this time to the petitioning now adult donee of the custodian-, ship accounts still intact, the application is denied. This petitioner is presently over the age of 18 but under the age of 21 years. Prior to the enactment of chapter 462 of the Laws of 1979, EPTL 7-4.3 (subd d) provided that the minor was entitled to all funds in the hands of the custodian upon attaining the age of 21 years. This new provision of the law amended the statute to provide that the minor was entitled to all the funds in the hands of the custodian upon attaining the age of 18 years. However, section 5 of chapter 462 of the Laws of 1979 provides: “This act shall take effect on the *706 first day of January next succeeding the date on which it shall have become a law [July 5, 1979] and shall apply to all gifts made on or after such effective date.” This is a clear legislative direction that with regard to gifts made prior to January 1, 1980, the minor is not entitled to the funds until the age of 21 years (see Rohan, McKinney’s Cons Laws of NY, Book 17B, EPTL 7-4.3, Supplementary Practice Commentary). In the instant matter, the accounts at issue having been established prior to January 1, 1980, the request of this petitioner for immediate delivery of the funds is premature.